UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELENA CARDENAS,                  )
                                 )
            Plaintiff            )
                                 )        2:17-cv-00203-GZS
v.                               )
                                 )
TACO BELL KFC, et al.,           )
                                 )
            Defendants           )

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Elena Cardenas alleges that Defendants Taco Bell KFC and Ronald H. Giles sent her home from work when she suffered from a medical condition. Plaintiff seeks money damages and reinstatement to her position.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted.  (ECF No. 5.)  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff' complaint, I recommend the Court dismiss the complaint unless Plaintiff amends her complaint on or before August 2, 2017, to state an actionable claim.

**FACTUAL BACKGROUND**

In her complaint, Plaintiff alleges that when she suffered from Bell's Palsy, her employer told her to go home because she could not see the computer.  (Complaint at 4 -

5, ECF No. 1.)  She contends she was medically restricted at the time.  (*Id*.)  Plaintiff seeks to recover compensatory damages and injunction relief (i.e., a return to work).

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).  To allege a civil action in

federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Plaintiff evidently intends to assert a claim of disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 – 12117, 2000e-5, and/or the Maine Human Rights Act (MHRA), 5 M.R.S. § 4572.

To state a claim of disability discrimination in employment, Plaintiff must allege facts showing (1) that her impairment qualified as a disability as defined by the ADA or MHRA; (2) that she was qualified to perform the essential functions of her job with or without a reasonable accommodation; and (3) that she suffered an adverse employment action in whole or in part because of her disability. *Lang v. Wal-Mart Stores E., L.P.*, 813 F.3d 447, 458 (1st Cir. 2016); *Doyle v. Dep't Of Human Servs.*, 2003 ME 61, ¶ 14, 824 A.2d 48, 54.

When the allegations in her complaint are viewed most favorably to her, Plaintiff has arguably asserted sufficient facts from which a fact finder could conclude she suffers or suffered from a condition that qualifies as a disability, and that she experienced an adverse employment action because of her disability. Plaintiff, however, has not alleged that she was or is qualified to perform the essential functions of her job with or without a reasonable accommodation.

"Reasonable accommodations are modifications or adjustments to the work environment, or to the manner in which the position's duties are customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." *Murray v. Warren Pumps*, *LLC*, 821 F.3d 77, 84 (1st Cir. 2016). Here, although Plaintiff asserts that she was told to leave work because she could not see the computer, Plaintiff has not asserted that she could perform the essential functions of the job with a reasonable accommodation or without a reasonable accommodation. Indeed, Plaintiff does not address her ability to perform the job. Plaintiff, therefore, has not asserted an actionable disability discrimination claim.

Plaintiff might also intend to assert that she has a right to return to work after taking medical leave. Both the federal Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2611 – 2619, and the Maine Family Medical Requirements (FMLR), 26 M.R.S. §§ 843 – 848, guarantee to eligible employees the right to take medical leave under certain circumstances, and prohibit employers from denying or interfering with the exercise of the right to take leave, and from discriminating on the basis of certain conduct related to leave taking. 29 U.S.C. §§ 2612, 2615; 26 M.R.S. §§ 844, 847. Under the governing law, an employee has a right to return to a position upon returning from qualifying leave. 29 U.S.C. § 2614(a); 26 M.R.S. § 845. If Plaintiff seeks to assert such a claim, she has not alleged sufficient facts to state an actionable claim. For instance, Plaintiff has not alleged that she requested leave, or that she was either denied leave or the right to return to work after exercising any leave rights she might have.

4

CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint unless Plaintiff, on or before August 2, 2017, files an amended complaint in which she asserts an actionable claim.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of July, 2017.

5