UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELENA CARDENAS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 2:17-cv-00203-GZS |
| v. | ) | |
| | ) | |
| TACO BELL KFC, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Elena Cardenas alleges that Defendants Taco Bell KFC and Ronald H. Giles sent her home from work when she suffered from a medical condition. Plaintiff seeks money damages and reinstatement to her position.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint and amended complaint is appropriate. 28 U.S.C. § 1915(e)(2).

On July 19, 2017, I recommended the Court dismiss the complaint unless Plaintiff amended her complaint on or before August 2, 2017, to state an actionable claim. (Recommended Decision, ECF No. 6.) On July 31, 2017, Plaintiff filed an additional pleading, which was docketed as an amended complaint. (Amended Complaint, ECF No. 7.) Accordingly, the matter is before the Court for further review pursuant to 28 U.S.C. § 1915(e). After review of the amended complaint, I recommend the Court dismiss the amended complaint.

1

## FACTUAL BACKGROUND

In her complaint, Plaintiff alleged that when she suffered from Bell's Palsy, her employer told her to go home because she could not see the computer. (Complaint at 4 - 5, ECF No. 1.) According to Plaintiff, she was medically restricted at the time. (*Id.*)

In her amended complaint, Plaintiff has alleged that she worked for Defendant for eight years and was only able to see with one eye. (Amended Complaint at 4, ECF No. 7.) Plaintiff asserts that her employer told her she could not work in her condition because she could not do a good job. (*Id.* at 4 – 5.) Plaintiff still experiences symptoms related to her condition. (*Id.* at 5.)

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640

F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

As discussed in the prior recommended decision, Plaintiff arguably intends to assert a claim of disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 – 12117, 2000e-5, and/or the Maine Human Rights Act (MHRA), 5 M.R.S. § 4572.

To state a claim of disability discrimination in employment, Plaintiff must allege facts showing (1) that her impairment qualified as a disability as defined by the ADA or MHRA; (2) that she was qualified to perform the essential functions of her job with or without a reasonable accommodation; and (3) that she suffered an adverse employment action in whole or in part because of her disability. *Lang v. Wal-Mart Stores E.*, *L.P.*, 813

F.3d 447, 458 (1st Cir. 2016); *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 14, 824 A.2d 48, 54.

In the prior recommended decision, I observed that Plaintiff had not alleged that she was or is qualified to perform the essential functions of her job with or without a reasonable accommodation:

> "Reasonable accommodations are modifications or adjustments to the work environment, or to the manner in which the position's duties are customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 84 (1st Cir. 2016). Here, although Plaintiff asserts that she was told to leave work because she could not see the computer, Plaintiff has not asserted that she could perform the essential functions of the job with a reasonable accommodation or without a reasonable accommodation. Indeed, Plaintiff does not address her ability to perform the job. Plaintiff, therefore, has not asserted an actionable disability discrimination claim.

(Recommended Decision at 4, ECF No. 6.)

In the prior recommended decision, I also acknowledged that Plaintiff might intend to assert that she has a right to return to work after taking medical leave. Plaintiff's amended complaint, therefore, could possibly be construed as an effort to assert a claim under both the federal Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2611 – 2619, and the Maine Family Medical Requirements (FMLR), 26 M.R.S. §§ 843 – 848, which laws (1) provide that eligible employees have the right to take medical leave under certain circumstances, (2) prohibit employers from denying or interfering with the exercise of the right to take leave, and (3) prohibit employers from discriminating on the basis of certain conduct related to medical leave. 29 U.S.C. §§ 2612, 2615; 26 M.R.S. §§ 844, 847. I also

4

explained that in order to state such an actionable claim, Plaintiff must allege facts that would support a finding that she is able to perform the duties of her job.[1]

To proceed on her possible claims, therefore, Plaintiff must allege that she "could perform the essential functions of the job" and, "if not, whether any reasonable accommodation by the employer would enable [her] to perform those functions." *Ward v. Massachusetts Health Research Inst., Inc.*, 209 F.3d 29, 33 (1st Cir. 2000). Despite the amendment of her complaint, Plaintiff has not asserted that she is capable of performing the essential functions of the job either with or without a reasonable accommodation. Because Plaintiff has not alleged facts to support a finding of a necessary element of her potential claims, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis and the analysis set forth in the prior recommended decision (ECF No. 6), after a review of Plaintiff's amended complaint, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's amended complaint without prejudice to Plaintiff's ability to assert an actionable claim.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[1] In the event Plaintiff maintains she had the right to return to work under family medical leave law, the ability to perform her job is an element of that claim as well. *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 332 (1st Cir. 2005)

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 25th day of August, 2017.